UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
| CYNTHIA L. MOMPOINT,                         | ) |                              |
| Plaintiff,                                   | ) |                              |
| v.                                           | ) | Civil Action No. 18-11094-DJC |
| DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, et al., | ) |                              |
| Defendants.                                  | ) |                              |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                 November 28, 2018

For the reasons set forth below, the Court denies without prejudice (1) Plaintiff's motion for counsel and (2) Defendants' motion to dismiss. If Plaintiff wishes to proceed in this matter, the Court grants her time to file an amended complaint.

**I.      Background**

Cynthia Mompoint, proceeding *pro se*, commenced this action against her former employer, the Massachusetts Department of Elementary and Secondary Education ("Mass DOE"), and the Senior Associate Commissioner and Chief of Staff (the "individual Defendants"). Plaintiff alleges a Title VII employment discrimination claim and also alleges defamation and libel. D. 1. Plaintiff has also moved for appointment of counsel. D. 7.

Defendants filed a motion to dismiss. D. 14. Defendants argue that the complaint fails to provide any facts that would give rise to a plausible claim for relief for any claim. D. 15. The individual Defendants contend that the Title VII claim is subject to dismissal because there is no

individual liability under Title VII and that the defamation claim is subject to dismissal because the complaint fails to identify any false statement published by either of the individual Defendants. *Id.* The Mass DOE contends that the Eleventh Amendment prevents this Court from exercising juridical authority and that the Massachusetts Tort Claims Act prohibits the defamation claim against the Mass DOE. *Id.*

On November 20, 2018, Plaintiff filed her *pro se* opposition to Defendants' motion to dismiss. D. 17.

## II. Analysis

### A. Standard of Review

A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations must be sufficient to identify the manner by which the defendants subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Id.*

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then determine "whether the well-pleaded facts,

taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted).

B. **The Original Complaint Fails to State any Plausible Claims**

Although *pro se* pleadings are liberally construed, the burden is on Mompoint to set forth plausible claims upon which relief may be granted and to provide sufficient notice of her claims to the Defendants. *Ateek v. Massachusetts*, No. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011) (citing to Rule 8 of the Federal Rules of Civil Procedure).

Mompoint makes the conclusory assertions that the defendants engaged in racially discriminatory actions and that she "was a victim of libel, racist, unfair derogatory statements and evaluations." There are no allegations concerning the defendants' actions that are sufficient to give "the defendant fair notice of what the . . . claim is and the ground upon which it rests." *See Twombly*, 550 U.S. at 555.

To the extent Plaintiff alleges defamation, she has not alleged that either of the individual Defendants are at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss. *See White v. Blue Cross and Blue Shield of Mass., Inc.*, 442 Mass. 64, 66 (2004). She fails to provide any facts about what actions, if any, the Defendants took that would constitute defamation.

To state a plausible claim of employment discrimination, a plaintiff must allege that (1) she is a member of a protected class; (2) she was qualified for the job; (3) the employer took an adverse employment action against her, and (4) the position remained open or was filled by a person with similar qualifications. *Cham v. Station Operators, Inc.*, 685 F.3d 87, 93 (1st Cir. 2012). Plaintiff's allegations are insufficient to state a plausible claim of discrimination under

3

Title VII. She fails to state her race in the complaint or make any allegations tying her race or gender to any alleged discrimination.

C.  **The Defendants' Motion to Dismiss is Denied Without Prejudice**

Because Mompoint is proceeding *pro se*, some leniency in reviewing her complaint is appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal citations omitted).

In her opposition, Mompoint argues, among other things, that the facts are sufficiently pled and she has pled sufficient facts to give the Defendants fair notice of her claim and that additional details should be sought through discovery. The Court agrees with the Defendants that the complaint, as presently pled, is insufficient. Because, however, Plaintiff may have grounds to state plausible claims, the Court does not conclude that it would be futile to provide her with a chance to amend her complaint. This is consistent with notion that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that Mompoint is *pro se*, this Court finds that justice would not be served by dismissing her complaint because she did not adequately plead her claims.

D.  **The Plaintiff's Motion for Counsel is Denied Without Prejudice**

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff, however, lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the

appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. *See id.* at 24.

The Court finds that appointment of counsel is not warranted at this time. Until an amended complaint is filed and Defendants have an opportunity to respond to it, it is premature for the Court to determine whether appointment of counsel is warranted.

E. **Order to File an Amended Complaint**

In light of the above, if Plaintiff wishes to proceed in this matter, she must file an amended complaint curing the pleading deficiencies and setting forth plausible claims upon which relief may be granted.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.

Plaintiff's amended complaint will completely replace, not supplement, the original complaint. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (an amended complaint completely replaces the original complaint).

IV. **Conclusion**

For the foregoing reasons, the Court rules as follows:

A. The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Counsel, D. 7;

B. The Court DENIES WITHOUT PREJUDICE Defendants' Motion to Dismiss, D. 14;

C. If Plaintiff wishes to proceed in this matter, she must file, by January 2, 2019, an amended complaint curing the pleading deficiencies and setting forth plausible claims upon which relief may be granted. Failure to do so will result in the dismissal of this action.

**SO ORDERED.**

                                             /s/ Denise J. Casper
                                             Denise J. Casper
                                             United States District Judge